McDERMOTT WILL & EMERY LLP
ELLIE HOURIZADEH (State Bar. No. 204627)
2049 Century Park East, Suite 3800
Los Angeles, CA 90067-3218
Telephone: 310.277.4110
Facsimile: 310.277.4730
ehourizadeh@mwe.com

Attorneys for Defendants and Counterclaimants
SIMON OURIAN, M.D. aka SIAMAK OURIAN, M.D.,
EPIONE MEDICAL CORPORATION, EPIONE
BEVERLY HILLS, INC., EPIONE INTERNATIONAL,
INC.

CONFORM AND RETURN

FILED 2009 FEB 17 PM 2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEIN E. OBAGI, M.D., an individual; ZEIN E. OBAGI, M.D., INC., a California corporation, and OMP, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SIMON OURIAN, M.D. aka SIAMAK OURIAN, M.D., an individual, EPIONE MEDICAL CORPORATION, a California corporation, EPIONE BEVERLY HILLS, INC., a California corporation, EPIONE INTERNATIONAL, INC., a California corporation, and DOES 1-60, inclusive,<br><br>Defendants.<br><br>SIMON OURIAN, M.D. aka SIAMAK OURIAN, M.D., an individual, EPIONE MEDICAL CORPORATION, a California corporation, EPIONE INTERNATIONAL, INC., a California corporation, EPIONE BEVERLY HILLS, INC., a California corporation,<br><br>Counterclaimants,<br><br>v. | CASE NO. CV09-0940 R (JCx)<br><br>**DEFENDANTS' ANSWER AND COUNTERCLAIM FOR DECLARATORY RELIEF** |

LAS99 1719238-1.073437.0016

DEFENDANTS' ANSWER & COUNTERCLAIM FOR DECLARATORY RELIEF

| | |
|---|---|
| 1<br>2<br>3<br>4 | ZEIN E. OBAGI, M.D., an individual;<br>ZEIN E. OBAGI, M.D., INC., a<br>California corporation, and OMP, Inc., A<br>Delaware corporation, and DOES 1-10,<br>inclusive,<br><br>                Counterdefendants. |

Defendants Simon Ourian, M.D., Epione Medical Corporation, Epione Beverly Hills, Inc., and Epione International, Inc. (collectively "Epione") answer the Complaint ("Complaint") filed by Zein Obagi, M.D., Zein Obagi, MD, Inc., and OMP, Inc. (collectively "Obagi") as follows:

## ANSWER TO THE PARTIES

1. Answering paragraph 1 and the preceding heading of the Complaint, Epione lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Epione denies each and every allegation contained in paragraph 1 of the Complaint.

2. Answering paragraph 2 of the Complaint, Epione lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Epione denies each and every allegation contained in paragraph 2 of the Complaint.

3. Answering paragraph 3 of the Complaint, Epione lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Epione denies each and every allegation contained in paragraph 3 of the Complaint.

4. Answering paragraph 4 of the Complaint, Epione admits the allegations contained in this paragraph.

5. Answering paragraph 5 of the Complaint, Epione admits the allegations contained in this paragraph.

6. Answering paragraph 6 of the Complaint, Epione admits the allegations contained in this paragraph.

7. Answering paragraph 7 of the Complaint, Epione admits the allegations contained in this paragraph.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

8. Answering paragraph 8 of the Complaint, Epione states that this paragraph contains a legal conclusion for which no denial or admission is required.

9. Answering paragraph 9 of the Complaint, Epione denies each and every allegation contained therein, and further specifically denies that Epione or any Doe Defendant has engaged in any wrongful conduct regarding Obagi.

10. Answering paragraph 10 of the Complaint, Epione denies each and every allegation contained therein.

## GENERAL ALLEGATIONS

11. Answering paragraph 11 of the Complaint, Epione lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Epione denies each and every allegation contained in paragraph 11 of the Complaint.

12. Answering paragraph 12 of the Complaint, Epione lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Epione denies each and every allegation contained in paragraph 12 of the Complaint.

13. Answering paragraph 12 of the Complaint, Epione admits that Obagi has only recently opened an office located on North Canon Drive, Beverly Hills, California. Except as specifically admitted herein, Epione denies each and every allegation contained in paragraph 13 of the Complaint.

14. Answering paragraph 14 of the Complaint, Epione lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Epione denies each and every allegation contained in paragraph 14 of the Complaint.

15. Answering paragraph 15 of the Complaint, Epione denies each and every allegation contained in paragraph 15 of the Complaint.

16. Answering paragraph 16 of the Complaint, Epione lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

basis, Epione denies each and every allegation contained in paragraph 16 of the Complaint.

17. Answering paragraph 17 of the Complaint, Epione lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Epione denies each and every allegation contained in paragraph 17 of the Complaint.

18. Answering paragraph 18 of the Complaint, Epione denies each and every allegation contained in paragraph 18 of the Complaint.

19. Answering paragraph 19 of the Complaint, Epione admits that Dr. Ourian is a licensed California physician. Epione further admits that it has been operating a successful cosmetic dermatology institute in Beverly Hills, California since at least as early as 1998. Epione was first located on North Bedford Drive. Epione outgrew its space on North Bedford Drive and moved to its current location in February 2005. Except as specifically admitted herein, Epione denies each and every allegation contained in paragraph 19 of the Complaint.

20. Answering paragraph 20 of the Complaint, Epione admits that its has been operating a successful cosmetic dermatology institute in Beverly Hills, California since at least as early as 1998. Epione further admits that it offers comprehensive, state of the art services to its clients. Except as specifically admitted herein, Epione denies each and every allegation contained in paragraph 20 of the Complaint.

21. Answering paragraph 21 of the Complaint, upon information and belief, Epione admits that Obagi recently leased space located at 444 North Canon Drive, Beverly Hills. Since then, upon information and belief, Epione admits that space located at 444 North Canon Drive was leased to several other tenants before Epione acquired the lease for the entire building and refurbished same to its present condition. Except as specifically admitted herein, Epione denies each and every allegation contained in paragraph 21 of the Complaint.

## ANSWER TO FIRST CLAIM FOR RELIEF

22. Answering paragraph 22 of the Complaint, Epione realleges and incorporates its responses to paragraphs 1 through 21, inclusive, as though set forth in full herein.

23. Answering paragraph 23 of the Complaint, Epione admits that Section 43 of the Lanham Act speaks for itself.

24. Answering paragraph 24 of the Complaint, Epione admits that it is registered with telephone directories. Epione further admits that it has a presence on the worldwide web and can be found by conducting searches on a number of search engines. Except as specifically admitted herein, Epione denies each and every allegation contained in paragraph 24 of the Complaint.

25. Answering paragraph 25 of the Complaint, Epione denies all allegations contained therein.

26. Answering paragraph 26 of the Complaint, Epione denies all allegations contained therein.

27. Answering paragraph 27 of the Complaint, Epione denies all allegations contained therein.

28. Answering paragraph 28 of the Complaint, Epione denies all allegations contained therein.

29. Answering paragraph 29 of the Complaint, Epione denies all allegations contained therein.

30. Answering paragraph 30 of the Complaint, Epione denies all allegations contained therein.

31. Answering paragraph 31 of the Complaint, Epione denies all allegations contained therein.

32. Answering paragraph 32 of the Complaint, Epione denies all allegations contained therein.

33. Answering paragraph 33 of the Complaint, Epione denies all allegations contained therein.

34. Answering paragraph 34 of the Complaint, Epione denies all allegations contained therein.

## ANSWER TO SECOND CLAIM FOR RELIEF

35. Answering paragraph 35 of the Complaint, Epione realleges and incorporates its responses to paragraphs 1 through 34, inclusive, as though set forth in full herein.

36. Answering paragraph 36 of the Complaint, Epione denies all allegations contained therein.

37. Answering paragraph 37 of the Complaint, Epione denies all allegations contained therein.

38. Answering paragraph 38 of the Complaint, Epione denies all allegations contained therein.

## ANSWER TO THIRD CLAIM FOR RELIEF

39. Answering paragraph 39 of the Complaint, Epione realleges and incorporates its responses to paragraphs 1 through 38, inclusive, as though set forth in full herein.

40. Answering paragraph 40 of the Complaint, Epione lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, Epione denies each and every allegation contained in paragraph 39 of the Complaint.

41. Answering paragraph 41 of the Complaint, Epione admits that Epione was aware that Zein Obagi practiced dermatological medicine and Epione was and remains an authorized distributor of the Obagi products. Except as specifically admitted herein, Epione denies all allegations contained in paragraph 41 of the Complaint.

42. Answering paragraph 42 of the Complaint, Epione denies all allegations contained therein.

43. Answering paragraph 43 of the Complaint, Epione denies all allegations contained therein.

44. Answering paragraph 44 of the Complaint, Epione denies all allegations contained therein.

45. Answering paragraph 45 of the Complaint, Epione admits that Dr. Ourian is an officer of the Epione entities. Except as specifically admitted herein, Epione denies all allegations contained in paragraph 45 of the Complaint.

46. Answering paragraph 46 of the Complaint, Epione denies all allegations contained therein.

47. Answering paragraph 47 of the Complaint, Epione denies all allegations contained therein.

### ANSWER TO FOURTH CLAIM FOR RELIEF

48. Answering paragraph 48 of the Complaint, Epione realleges and incorporates its responses to paragraphs 1 through 47, inclusive, as though set forth in full herein.

49. Answering paragraph 49 of the Complaint, Epione denies all allegations contained therein.

50. Answering paragraph 50 of the Complaint, Epione denies all allegations contained therein.

51. Answering paragraph 51 of the Complaint, Epione denies all allegations contained therein.

### ANSWER TO FIFTH CLAIM FOR RELIEF

52. Answering paragraph 52 of the Complaint, Epione realleges and incorporates its responses to paragraphs 1 through 51, inclusive, as though set forth in full herein.

53. Answering paragraph 53 of the Complaint, Epione admits that the Registered Marks are not subject to trademark protection. Any alleged use of the

Registered Marks by Epione constitutes fair use. Except as specifically admitted herein, Epione denies each and every allegation set forth in paragraph 53 of the Complaint.

54.   Answering paragraph 54 of the Complaint, Epione denies all allegations contained therein.

55.   Answering paragraph 55 of the Complaint, Epione denies all allegations contained therein.

56.   Answering paragraph 56 of the Complaint, Epione denies all allegations contained therein.

57.   Answering paragraph 57 of the Complaint, Epione admits that upon receipt of a written notice by counsel for Obagi, Epione contacted and reached a resolution with Obagi. However, Zein Obagi failed to execute the written agreement. Except as specifically admitted herein, Epione denies each and every allegation contained in paragraph 57 of the Complaint.

58.   Answering paragraph 58 of the Complaint, Epione denies all allegations contained therein.

59.   Answering paragraph 59 of the Complaint, Epione denies all allegations contained therein.

60.   Answering paragraph 60 of the Complaint, Epione denies all allegations contained therein.

61.   Answering paragraph 61 of the Complaint, Epione denies all allegations contained therein.

62.   Answering paragraph 62 of the Complaint, Epione denies all allegations contained therein.

63.   Answering paragraph 63 of the Complaint, Epione denies all allegations contained therein.

## ANSWER TO SIXTH CLAIM FOR RELIEF

64. Answering paragraph 64 of the Complaint, Epione realleges and incorporates its responses to paragraphs 1 through 63, inclusive, as though set forth in full herein.

65. Answering paragraph 65 of the Complaint, Epione denies all allegations contained therein.

66. Answering paragraph 66 of the Complaint, Epione denies all allegations contained therein.

67. Answering paragraph 67 of the Complaint, Epione denies all allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure To State A Claim For Relief)

1. Epione alleges that the Complaint fails to state facts sufficient to constitute any claim for relief against Epione.

### SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

2. Epione alleges that by virtue of Obagi's conduct, the Complaint and each purported claim for relief alleged therein are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate)

3. Epione alleges that Obagi has failed to mitigate its damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

(Waiver)

4. Epione alleges that Obagi has waived any claims against Epione arising out of the matters alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5. Epione alleges that Obagi is estopped from asserting any claims against Epione arising out of the matters alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

6. Epione alleges that the Complaint, and each purported claim for relief alleged therein, is barred by the applicable statutes of limitation.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

7. Epione alleges that the Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

8. Epione alleges that it acted in good faith with respect to the matters asserted in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Privilege)

9. Epione alleges that the acts alleged in the Complaint are privileged.

## TENTH AFFIRMATIVE DEFENSE

### (No Likelihood of Confusion)

10. Epione alleges that there is no likelihood of confusion on the part of consumers arising out of the conduct alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Fair Use)

11. Epione alleges that, to the extent it used any of Obagi's trademarks or other intellectual property, such use was and is a fair use and, therefore, not actionable.

## TWELFTH AFFIRMATIVE DEFENSE

### (Acquiescence)

12. Epione alleges that, to the extent it used any of Obagi's trademarks or other intellectual property, Obagi acquiesced in such use.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Innocent Intent)

13. Epione alleges that any use of Obagi's purported trademarks (which use is expressly denied) occurred with innocent intent.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Functional)

14. Epione alleges that Obagi's purported trademarks are functional and therefore not protectable.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Ornamental)

15. Epione alleges that Obagi's purported trademarks are ornamental and therefore not protectable as a trademark.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Merely Descriptive)

16. Epione alleges that Obagi's purported trademarks are merely descriptive and therefore not protectable as a trademark.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Primarily a Surname)

17. Epione alleges that Obagi's purported trademarks are primarily a surname and therefore not protectable as a trademark.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata)

18. Epione alleges that the Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of res judicata.

WHEREFORE, Defendants Simon Ourian, Epione Medical Corporation, Epione Beverly Hills, Inc. and Epione International, Inc. respectfully request that the Court dismiss each and every count and claim and request for relief asserted against Defendants Simon Ourian, Epione Medical Corporation, Epione Beverly Hills, Inc. and Epione International, Inc. and award Defendants their costs and attorneys' fees.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

For their counterclaim in this action, Defendants and Counterclaimants Epione Medical Corporation, Epione Beverly Hills, Inc., Epione International, Inc. and Dr. Simon Ourian allege as follows:

### I. THE PARTIES

1. Epione Medical Corporation is a California corporation with a principal place of business located at 444 North Camden Drive, Beverly Hills, California.

2. Epione Beverly Hills, Inc. is a California corporation with a principal place of business located at 444 North Camden Drive, Beverly Hills, California.

3. Epione International, Inc. is a California corporation with a principal place of business located at 444 North Camden Drive, Beverly Hills, California.

4. Dr. Simon Ourian is a licensed California physician that resides in Los Angeles with a principal place of business located at 444 North Camden Drive, Beverly Hills, California.

5. Upon information and belief, OMP, Inc., also known as Obagi Medical Products, Inc., is a Delaware corporation with a principal place of business located in Long Beach, California.

6. Upon information and belief, Zein E. Obagi, M.D. resides and works in Los Angeles, California.

7. Upon information and belief, Zein E. Obagi, M.D., Inc., is a California corporation with a principal place of business in Beverly Hills, California.

8. Counterclaimants are unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of Counter-Defendants Does 1 through 10, inclusive, or any of them, and therefore sues these Counter-Defendants, and each of them, by such fictitious names. Counterclaimants will seek leave of Court to amend this complaint when the identities of these Counter-Defendants are ascertained.

9. Upon information and belief, at all relevant times mentioned in this complaint, Counter-Defendants, and each of them, were the agents of each other, and in doing the things alleged herein, each Counter-Defendant was acting within the scope and course of its agency and authority and was subject to and under the supervision of its co-Counter-Defendants.

## II. JURISDICTION AND VENUE

10. This Court has jurisdiction of this compulsory counterclaim under 28 U.S.C. § 1367(a). Jurisdiction also exists under 28 U.S.C. §§ 2201 and 2202 (claims for declaratory relief) as well as 28 U.S.C. § 1331 (federal question) and § 1338(a) (as a civil action arising under any act of Congress relating to trademarks) as well as under the Lanham Act, 15 U.S.C. § 1121(a). Venue is proper within this district under 28 U.S.C. § 1391.

## III. INTRODUCTION

11. Epione Medical Corporation is a California corporation. Epione has been operating since at least as early as 1998. Since their various inceptions, Epione and its affiliates, Epione Beverly Hills, Inc., Epione International, Inc. and Dr. Simon Ourian (collectively referred to as "Epione") have offered their clientele high quality and cutting edge cosmetic dermatological treatments, services and/or information.

12. OMP, Inc., Zein Obagi, M.D. and Zein Obagi, M.D, Inc., (collectively "Counter-Defendants") offer skincare products that are sold through various channels including sales on the internet.

13. Beginning in approximately 1999, Epione became an authorized distributor of products offered by Counter-Defendants ("Products"). Almost immediately, Epione

became the number one distributor of the Products. Epione retained this position for several years until Counter-Defendants began to distribute and sell the Products over the internet through sellers that were not approved by the U.S. Food and Drug Administration.

14. The Products sold by Counter-Defendants contain prescription strength formulations. Rules of the U.S. Food and Drug Administration ("FDA") provide that prescription strength formulations may only be sold or made available only through physicians.

15. Counter-Defendants offer, distribute and sell or cause to be sold prescription strength formulations of the Products through various internet websites that have no affiliation to a licensed physician in violation of the FDA regulations.

16. Upon discovery of this information, Epione repeatedly notified Counter-Defendants and requested that Counter-Defendants cease this unauthorized sale and distribution of the Products. Counter-Defendants refused to respond.

17. In order to avoid confusion in the market place between Epione's authorized sale and distribution of the Products and the unauthorized sale and distribution endorsed by the Counter-Defendants, Epione reduced its sale of the Products.

18. Epione however continues to be an authorized distributor of the Products. In fact, Epione purchased the Products from Counter-Defendants as recently as a few weeks before the filing of this action by Counter-Defendants.

19. As an authorized distributor, Epione advertises the Products on its various websites.

20. From 1999 to 2008, Counter-Defendants never contended that Epione was engaged in trademark infringement or violations of the Lanham Act.

21. From 1999 to 2008, Counter-Defendants endorsed Epione's various uses of the alleged OBAGI, OBAGI BLUE PEEL and BLUE PEEL trademarks ("Accused Trademarks") including use of the Accused Trademarks on Epione's websites.

22. From 1999 to 2008, Counter-Defendants did not attempt to assert the Accused Trademarks against Epione.

23. Upon information and belief, Counter-Defendants did not attempt to assert rights to the Accused Trademarks prior to filing the underlying lawsuit because Counter-Defendants recognized that the Accused Trademarks were not enforceable and that any use by Epione of the Accused Trademarks constitutes authorized and/or fair use for which Counter-Defendants are not entitled to recover.

24. Upon information and belief, the underlying action was filed by Counter-Defendants to eliminate their biggest competitor. Upon the recent opening of their Beverly Hills office, Counter-Defendants set out to eliminate their biggest competitor, namely Epione, from the marketplace by asserting that Epione infringed upon the Accused Trademarks.

25. This Counterclaim seeks declaratory relief as to three separate trademarks: (1) OBAGI; (2) OBAGI BLUE PEEL; and (2) BLUE PEEL.

26. Epione seeks a declaration to the effect that the BLUE PEEL trademark is not enforceable and/or protectable and that any use of the Accused Trademarks by Epione was authorized by the Counter-Defendants and/or constitutes fair use.

## CLAIM FOR RELIEF

**(Declaratory Relief Against OMP, Inc., Zein Obagi, M.D., and Zein Obagi, M.D., Inc.)**

27. Epione incorporates by this reference Paragraphs 1 through 26 as though fully set forth herein.

28. Counter-Defendants allege that Epione has infringed upon the Accused Trademarks.

29. An actual and justiciable controversy has arisen and now exists between Counter-Defendants and Epione concerning whether the Accused Trademarks are enforceable and protectable and whether Epione's use of the Accused Trademarks constitutes misuse of the Accused Trademarks.

30. Because the above activities and actions have created an actual and justiciable controversy, Epione seeks a declaration to the effect that BLUE PEEL trademark is not enforceable and protectable.

31. Epione also seeks declaratory relief affirming that any use of the Accused Trademarks was authorized by Counter-Defendants. Alternatively, any use of the Accused Trademarks constitutes fair use.

## PRAYER FOR RELIEF

WHEREFORE, Epione prays for relief as follows:

A. For a judicial determination and a declaration that the BLUE PEEL trademark is merely descriptive and thus, not entitled to trademark protection or registration;

B. For a judicial determination and a declaration that any use of the Accused Trademarks was authorized by Counter-Defendants or alternatively, constitutes fair use.

C. For costs of suit and reasonable attorneys' fees pursuant to the provisions of any applicable statute or law; and

D. For all such other and further relief as the Court deems just and proper.

Dated: February 17, 2009

McDERMOTT WILL & EMERY LLP

By: /s/ Ellie Hourizadeh
Ellie Hourizadeh
Attorneys for Counter-Defendants
SIMON OURIAN, M.D. aka SIAMAK OURIAN, M.D., EPIONE MEDICAL CORPORATION, EPIONE BEVERLY HILLS, INC., EPIONE INTERNATIONAL, INC.

# PROOF OF SERVICE

I declare that I am over the age of eighteen (18) years and not a party to this action. My business address is 2049 Century Park East, Suite 3800, Los Angeles, California 90067 and I am employed in the office of a member of the bar of this Court at whose direction this service was made.

On **FEBRUARY 17, 2009**, I served the following document(s) described as: **DEFENDANTS' ANSWER AND COUNTERCLAIM FOR DECLARATORY RELIEF.**

[X] **BY PERSONAL SERVICE** as follows: I caused such envelope(s) to be delivered by hand to the addressee(s) at the address set forth below by NATIONWIDE LEGAL INC.

David Krol
Valensi Rose, PLC
2029 Century Park East, Suite 2050
Los Angeles, California 90067
Phone: 310-277-8011
Facsimile: 310-277-1706

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on **FEBRUARY 17, 2009**, at Los Angeles, California.

**FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

*/s/ H. Sharifi*
HALEH SHARIFI